(118 App. Div. 791)

### FRAZER & HAUGHTON, Limited, v. MOTT.

(Supreme Court, Appellate Division, First Department. April 19, 1907.)

1. SALES—CONTRACTS—PARTIES—QUESTION FOR JURY.

In an action for goods sold and delivered, evidence examined, and *held* sufficient to submit to the jury the question of a sale to defendant.

2. SAME—EVIDENCE.

The fact that goods were charged to a certain person and the bill therefor made out to him is a fact to be considered in determining to whom the sale was made, but is not conclusive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 138.]

Appeal from Trial Term, New York County.

Action by Frazer & Haughton, Limited, against Mary A. Mott. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Louis S. Posner, for appellant.

Frank G. Wild, for respondent.

INGRAHAM, J. .The action is for goods sold and delivered. the complaint alleging that on the 7th of November, 1900, at Belfast, Ireland, the plaintiff sold and delivered to the defendant, at her request, certain goods, wares, and merchandise set forth in a schedule annexed to the complaint at an agreed price, for which judgment was demanded. The answer in substance was a general denial. Upon the trial the court dismissed the complaint.

It appeared from the evidence that the defendant, together with a Mr. Crane and a Mr. Case, visited the warehouse of the plaintiff at Belfast, Ireland, taking with them a letter of introduction. The defendant asked the president of the plaintiff corporation whether she could buy some linen, to which he replied that he would be glad to accommodate her. The defendant then purchased some goods. Mr. Crane then asked the defendant whether he could buy some goods, to which she replied, "Certainly," and said that the goods Mr. Crane purchased should be charged to her. The defendant and Crane then gave instructions as to marking the linen purchased, and Case also bought some goods. It was then suggested to bill the goods to Case, to which he objected, because he expected to return before the others. It was then agreed that the goods should be billed and shipped in Crane's name; that Mrs. Mott, the defendant, should pay for them. The plaintiff's president then asked to whom he should make out the bill, and the defendant said it "was her charge, it was to be charged to her," but to bill and ship them in Crane's name, to which the plain-

tiff's president replied, "Very well." There was also evidence that the defendant had received the goods that she had purchased for herself, and had used them, and also evidence that she had given Mr. Crane money to pay the bill, but that he had failed to do so.

I think there was evidence to sustain a sale of the goods to the defendant, at least as to the goods ordered specially by her. She ordered them, and told the plaintiff's president that she would pay for them. The subsequent discussion as to the name in which the goods were to be billed and shipped, though possibly a fact to be considered by the jury, was not conclusive. The defendant purchased a portion for her own use, had them marked with her initials, and told the plaintiff she would pay for them; and they were subsequently delivered to and received by her. If the jury believed these facts, there certainly was evidence to sustain a recovery for the goods that she ordered, and for which she promised to pay. There can be no question but what the charge of the goods to Crane was open to explanation. Bills, receipts, and other instruments of like character are always open to explanation, and are not conclusive upon any of the parties. The fact that the plaintiff made out the bill to Crane, charging the goods to him, is, of course, a fact to be considered by the jury in determining to whom the goods were actually sold; but there was certainly evidence to show that the defendant purchased these goods and agreed to pay for them. The real question is one of fact as to the actual purchaser of the goods, and the plaintiff's charge against Crane was one of the facts to be considered in determining the real question as to who purchased the goods. If the jury believed that the defendant purchased the goods and promised to pay plaintiff for them, the plaintiff was entitled to recover.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.